# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA**

**-vs-**                                                          **Case No. 3-:03-CR-141**

**JOHN MAGUIRE**                                          **Judge Thomas M. Rose**

**ENTRY AND ORDER OVERRULING DEFENDANTS MOTION TO SEVER COUNTS SEVEN AND EIGHT (Doc. #59, 67); OVERRULING DEFENDANT'S REQUEST FOR ORDER OF DISCOVERY AND INSPECTION (Doc. #60); GRANTING DEFENDANT'S MOTION IN LIMINE TO ADMIT CERTAIN TESTIMONY AND REQUEST FOR EVIDENTIARY HEARING (Doc. #63, 79); OVERRULING DEFENDANT'S MOTION TO SUPPRESS (Doc. #66); OVERRULING DEFENDANT'S REQUEST TO REINSTATE (Doc. #68); OVERRULING DEFENDANT'S MOTION FOR INDEPENDENT INVESTIGATION (Doc. #75); GRANTING IN PART AND OVERRULING IN PART DEFENDANT'S MOTION FOR JUDICIAL FINDING REGARDING "WITHOUT LEGAL AUTHORITY" (Doc. #78, 80); OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNTS TWO AND THREE (Doc. #81); GRANTING DEFENDANT'S MOTION FOR JUDICIAL FINDING REGARDING COUNTS FOUR, FIVE AND SIX (Doc. #83); GRANTING IN PART AND OVERRULING IN PART DEFENDANT'S SUPPLEMENT TO TRIAL WITNESSES REQUESTED (Doc. #87); OVERRULING DEFENDANT'S SECOND SUPPLEMENT TO MOTION IN LIMINE TO ADMIT CERTAIN TESTIMONY (Doc. #88); OVERRULING DEFENDANT'S MOTION TO EXCLUDE CERTAIN EVIDENCE AND TESTIMONY AT TRIAL (Doc. #94); OVERRULING DEFENDANT'S MOTION TO DISMISS COUNTS FOUR, FIVE AND SIX (Doc. #104); OVERRULING DEFENDANT'S SUPPLEMENT TO MOTIONS REGARDING SELECTIVE PROSECUTION (Doc. #105); OVERRULING DEFENDANT'S MOTION FOR APPOINTMENT OF COMPUTER FORENSIC EXPERT (Doc. #113, 114) AND OVERRULING DEFENDANT'S MOTION TO DISMISS COUNTS TWO, THREE AND FOUR (Doc. #120)**

---

Defendant John H. Maguire ("Maguire") was indicted on eight Counts and subsequently

arrested on October 1, 2003. Count 1 is for social security fraud in violation of 42 U.S.C.

§408(a)(7)(B). Counts 2 and 3 are for fraud in violation of 18 U.S.C. §§1028(a)(7) and

1028(b)(1)(D). Counts 4, 5, 6 and 8 are for mail fraud and use of fictitious name or address in

violation of 18 U.S.C. §§1341 and 1342. Count 7 is for bank fraud and use of fictitious name or

address in violation of 18 U.S.C. §§ 1342 and 1344.

 Maguire was arraigned on November 14, 2003, and ordered to remain in detention. In the

ensuing weeks, the Defendant sought to have his case dismissed for a great variety of reasons

including judicial misconduct, selective enforcement, vindictive prosecution and invalid

Indictment. He also requested and was granted a change in public defenders at least three times

and made extensive efforts to be released on bond.

Many of Maguire's motions were filed pro se. He withdrew several and then attempted to

reinstate them.

At least nine (9) hearings were conducted on the various motions filed by Maguire. He

acted as his own counsel at several of the hearings and directed the activities of his appointed

counsel at the other hearings.

Maguire was eventually released on bond to live in a halfway house on June 1, 2004. On

June 22, 2004, he submitted a urine sample to U.S. Pretrial Services that tested positive for

cocaine use. Also on June 22, 2004, Maguire was reported missing from the halfway house with

whereabouts unknown. He was rearrested on June 2, 2005.

Many of Maguire's Motions and/or requests have already been addressed and will not be

revisited here. Those motions and/or requests that remain outstanding will be addressed

hereinafter in the order in which they were filed.

### Motion To Sever Counts Seven and Eight

First before the Court is Maguire's Motion To Sever Counts Seven and Eight from the Indictment. (Doc. #59.) This Motion was filed by one of Maguire's appointed Counsel and was later repeated by Maguire (Doc. #67). Both of these Motions are opposed by the Government. (Doc. #73.)

The Defendant was charged with an eight-count indictment. Count One charges the Defendant with obtaining an Ohio driver's license using his brother's social security number. Count Two charges the Defendant with using this driver's license and other means of Defendant's brother's identification to purchase a 2002 Ford Explorer. Count Three charges the Defendant with using the driver's license and other means of identification to purchase a 2003 Toyota Matrix. Counts Four, Five and Six charge mail fraud to wit: causing an insurance check to issue based upon an allegedly fraudulent claim that the Toyota Matrix was stolen. Count Seven charges bank fraud, to wit: opening bank accounts in Defendant's brother's name and fraudulently representing that monies and funds were lawfully payable to the Defendant as the account holder. Count Eight charges mail fraud, to wit: fraudulently causing to be sent and delivered by Federal Express a check for $2,000.00 in payment for a Rolex watch.

Maguire argues that the indictment, on its face, charges three unrelated separate schemes to defraud that are alleged to have occurred in three separate time periods. He, therefore, seeks severance of Counts One through Six from Counts Seven and Eight.

The Defendant seeks severance on two theories. First, he claims that the offenses in Counts Seven and Eight were improperly joined under Rule 8(a) of the Federal Rules of Criminal Procedure. In the alternative, he argues that, even if the Court finds that they were properly joined,

the prejudicial effect of combining the Counts warrants severance pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

Rule 8(a) permits joinder of offenses that "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Further, the "same or similar character" requirement is a directive to compare the offenses charged for categorical, not evidentiary, similarities. *United States v. Alexander*, 135 F.3d 470, 476 (7th Cir. 1998), *cert. denied*, 525 U.S. 855 (1998). Therefore, counts may be joined pursuant to Rule 8(a) even if they are not temporally or evidentially related. *Id.*

In this case, the offenses charged in Counts Seven and Eight are of similar character to the offenses charged in Counts One through Six. They all involve fraud charges and the use of various falsified documents. Therefore, joinder is proper under Rule 8(a).

Turning to Maguire's other reason, Rule 14 allows severance if the defendant can show substantial prejudice and a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Further, the risk of prejudice must be substantial enough to outweigh society's need for speedy and efficient trials. *Id.* at 540.

Here, Maguire argues that his right to a fair trial would be compromised if Counts Seven and Eight are tried to the same jury as Counts One through Six. He argues that he would not receive a fair trial because the jury would impermissibly consider evidence of one of the fraudulent schemes as proof of bad character or as proof of the other fraudulent schemes. He also

argues that, regarding judicial economy, the trial of Counts Seven and Eight would be brief and uncomplicated.

In this case, there is evidence that arguably shows that the same social security number was used to defraud in Counts One through Seven. Further, the offenses in all eight Counts are not confusing and any risk of illegal prejudice may be addressed by the jury instructions. Finally, juries are presumed capable of sorting evidence relative to each individual count of a multi-count indictment. *United States v. Welch*, 97 F.3d 142, 147 (6th Cir. 1996), *cert. denied*, 519 U.S. 1134 (1997). Therefore, in this case, severance of Counts Seven and Eight from Counts One through Six is not warranted pursuant to Rule 14. Defendants Motions To Sever Counts Seven and Eight from the Indictment (Doc. #59, 67) are OVERRULED.

## Request for Order of Discovery and Inspection

In this pro se Request, Maguire asks that the Gateway computer that was seized from his residence on October 1, 2003, be transferred to a computer systems analyst. (Doc. # 60.) The Defendant also asks that the clerk's original indictment be given to an independent document examiner.

A hearing was conducted on this and other motions on April 6, 2004. This hearing was continued on June 15, 2004.

The Gateway computer has subsequently been provided to Defendant's Counsel to do with as he chooses. Therefore, the branch of Defendant's Motion regarding transfer of the Gateway computer is MOOT.

The request to give the clerk's original indictment to an independent document examiner is subsumed by Defendants many motions regarding judicial assignment. These motions are

addressed elsewhere herein. Therefore, Defendant's Motion regarding inspection of the clerk's original indictment is also MOOT.

### **Motion In Limine To Admit Certain Testimony and Request for Evidentiary Hearing**

In this Motion, the Maguire seeks a pretrial hearing on the admissibility of evidence offered by way of testimony from Cheryl Maguire; Mehdi Adenehzadeh; Mehdi Adenehzadeh's private investigator; Phil Butler; Paula Ruppert; United States Secret Service Agent Bill Schenk ("Agent Schenk"); United States Secret Service Agent Jeff Casey ("Agent Casey") and Special Agent Timothy Ferguson ("Agent Ferguson"). (Doc. #63.) Maguire also filed pro se a supplement to this Motion. (Doc. #79.)

The requested hearing was held on April 6, 2004 and was continued on June 15, 2004. Therefore, this Motion has been GRANTED. Further, the admissibility of the evidence identified I this Motion will be addressed by the Court at Trial.

### **Motion To Suppress**

In this pro se Motion, Maguire moves to suppress evidence obtained from the credit report of his brother and evidence seized from his residence because the search of his residence was based upon evidence obtained from the credit report of his brother. (Doc. #66.) Maguire supplemented this Motion wherein he requested a copy of the credit report and the subpoena related to the credit report. (Doc. #84.)

A hearing was held on the original Motion on April 6, 2004. The continuation of this hearing on June 15, 2004, addressed both the original motion and the supplemental motion.

Maguire has not shown that he had standing to enforce his brother's right to privacy, particularly regarding his brother's credit report. Specifically, he did not show that he had a Fourth

Amendment subjective expectation of privacy regarding his brother's credit report. Therefore, Maguire's Motion To Suppress is not well founded and is OVERRULED.

## Request To Reinstate

In this pro se "Request", Maguire seeks to reinstate six specified pro se motions that he had previously filed and then withdrawn. (Doc. #68.) A hearing on these motions was conducted on April 6, 2004 and was continued on June 15, 2004.

Maguire requests the reinstatement of his Motion for an Evidentiary Hearing (Doc. #30), his Motion for Reconsideration Regarding Bond (Doc. #47), his Motion for Supplemental Discovery (Doc. #48), his Motion To Dismiss (Doc. #49), his Motion for Grand Jury Transcripts (Doc. #50), and his Notice of Filing of Supplement To Motion for Reconsideration Regarding Bond (Doc. #52). The Motion To Dismiss (Doc. #49) was supplemented by Maguire. (Doc. #69.)

Maguire offers no reason for allowing reinstatement of motions previously withdrawn and the Court is aware of none. Also, some of these motions are now moot because he was granted supplemental discovery and an evidentiary hearing was conducted. Also, he was released on bond. Therefore, Maguire's pro se "Request To Reinstate Specified Pro Se Motions" (Doc. #68) is OVERRULED.

## Motion for Independent Investigation of Judicial Assignment and Request for Evidentiary Hearing

In this pro se Motion, Maguire requests an independent investigation of the judicial assignment of his case. (Doc. #75.) Maguire alleges that the assignment of his case was manipulated because he is an "outspoken" critic of President George W. Bush. He further alleges that his case was properly assigned to Judge Walter H. Rice who was appointed by a Democrat and his case was then transferred to Judge Thomas M. Rose who was appointed by George W.

Bush. This Motion specifically requests that the Court make an investigative referral to the disciplinary counsel at the Sixth Circuit Court of Appeals or in the alternative, commission an independent investigation of the judicial assignment of Maguire's case.

Complaints regarding federal judges in the Sixth Circuit are made directly to the Sixth Circuit pursuant to the Rules of the Judicial Council of the Sixth Circuit Governing Complaints of Judicial Misconduct or Disability and not to this Court. In addition, an independent investigation of the judicial assignment was conducted in this Court by Magistrate Judge Michael R. Merz pursuant to a Motion for Writ of Habeas Corpus filed by the Defendant. (Doc. #21.) The Magistrate determined that Maguire's case was initially and randomly assigned to Judge Thomas Rose. The Defendant objected and then withdrew his Motion for Writ of Habeas Corpus. (Doc. #41.).

Maguire's Motion for an independent investigation is improperly placed and is not well founded. The Motion is, therefore, OVERRULED.

### <u>Motion for Judicial Finding Regarding "Without Lawful Authority"</u>

In this pro se Motion, the Maguire requests that the Court issue a judicial finding regarding the meaning and implication of "lawful authority" with regard to his case. (Doc. #78.) This Motion was later renewed by Maguire in a supplement to his original Motion. (Doc. #80).

Maguire has been charged with, among other things, knowingly transferring, possessing or using, without lawful authority, a means of identification of another person with the intent to commit a violation of federal law. 18 U.S.C. §1028(a)(7). Specifically, the Government charges that Maguire used his brother's social security number to obtain driver's licenses which he then used to purchase vehicles. In both the Motion and the supplement to the Motion, Maguire urges

the Court to find that the permission of his brother to act in his behalf and to use his identification would constitute "lawful authority" under the statute upon which the Defendant is being charged and the Government, therefore, must prove that his brother did not grant consent.

The identify fraud statute under which the Defendant is charged, does not define the term "without lawful authority." However, standard rules of statutory construction require that words be given their plain meaning when the plain meaning is unambiguous.

In this case, the term "without lawful authority" has a plain meaning that is not ambiguous. "Lawful" means not contrary to law or permitted by law. *Black's Law Dictionary* 892 (7th ed. 1999). "Authority" means the right or permission to act legally on another's behalf. *Black's Law Dictionary* 127 (7th ed. 1999). Further, "lawful authorities" are those persons with the right to exercise public power … and to command or act in the public name. *Black's Law Dictionary* (8th ed. 1999). Thus, for Maguire's brother to be able to confer "lawful authority" to Maguire, the Defendant's brother must first have lawful authority.

Social security numbers are assigned by the United States and driver's licenses are issued by the State of Ohio. In essence, the use of a social security number is authorized by the federal Government and the use of a driver's license is authorized by the issuing State.

Therefore, the Government must show that the United States did not authorize the use of Maguire's brother's social security number and that the State of Ohio did not authorize the use of the Maguire's brother's driver's license. Further, whether Maguire's brother consented is immaterial unless it can be shown that Maguire's brother was an agent of the United States and of the State of Ohio, and thus authorized to act on behalf of the United States regarding the social security number and on behalf of the State of Ohio regarding the driver's license.

In sum, authorization by the issuing agency is the relevant issue. The Government does not necessarily have to prove that Maguire did not have his brother's permission to use his brother's social security number or driver's license. Further, the meaning of lawful authority is as set forth hereinbefore. Therefore, the Defendant's Motion GRANTED with regard to defining lawful authority and is OVERRULED with regard to requiring proof that Maguire's brother did not give permission.

### Motion for Summary Judgment of Dismissal Regarding Counts Two and Three

In this pro se Motion, Maguire seeks summary judgment on Counts Two and Three of the Indictment because the Government "will present no evidence" that he acted without the authorization or permission of his brother. (Doc. #81.) However, as determined hereinbefore, the Government need not necessarily present evidence that the Defendant acted without permission of his brother. Therefore, this Motion is not well founded and is OVERRULED.

### Motion for Judicial Finding Regarding Counts Four, Five and Six of the Indictment

In this pro se Motion, Maguire requests that the Court render a "judicial finding" regarding Counts Four, Five and Six of the Indictment. (Doc. #83.) Maguire does not define what he means by a "judicial finding" but writes that "it is important for this defendant to ascertain how the court views the required elements of this alleged offense and how the jury will be instructed in these regards."

Counts Four, Five and Six of the Indictment are for violation of 18 U.S.C. §§1341 and 1342. Sections 1341 and 1342 prohibit mail fraud. The elements are as set forth in the statute and will be viewed as such by the Court.

The jury instructions have yet to be determined. Both the Defendant and the Government will be given the opportunity to offer suggestions as to jury instructions and the Court will use the Sixth Circuit Pattern Criminal Jury Instructions as a guideline.

A response to the Defendant's request as set forth in his Motion has been provided. Therefore, this Motion is GRANTED.

### Supplement To Prospective Trial Witnesses Requested At Motion In Limine Hearing To Admit Certain Testimony

In this pro se Motion (Doc. #87), Maguire sought to supplement a witness list that he had given the Court for witnesses to be called at the hearing on his Motion In Limine To Admit Certain Testimony  (Doc. #63). Hearings on the Motion In Limine were conducted on April 6, 2004, and on June 15, 2004. The Motion In Limine has been previously addressed in this document.

The Defendant initially requested that the following individuals be present at the hearing on his Motion In Limine: Agent Ferguson; Assistant U.S. Attorney Mona Guerrier, Agent Schenk; Melvin Chance of the Social Security office; and Paula Rupert and Phil Butler of the Clerk's Office. After the first day of hearing, the Defendant filed this Motion requesting that Cheryl Bennett of the Federal Public Defender's Office, Del Fannin, a prisoner and Thomas Anderson, a federal public defender, be added to the witness list.

Ferguson, Schenk, Rupert, Butler, Anderson, Guerrier, a representative of the Social Security Administration, Richard Chema representing the U.S. Attorney's Office and Cheryl Bennett were either present or available at one or both hearings held on the Defendant's Motion In Limine. The Defendant did not show good cause for the presence of Del Fannin who was

incarcerated at the Montgomery County, Ohio jail. This Motion with regard to Fannin is, therefore, OVERRULED. Otherwise, this Motion has been GRANTED.

### Second Supplement To Motion In Limine To Admit Certain Testimony and Request for an Evidentiary Hearing

In this pro se Motion, Maguire requests that the Court conduct an investigative audit of the Dayton Field Office of the FBI, Secret Service and Department of Homeland Security to determine if information obtained from "Patriot Act" investigations is being misused in this jurisdiction. (Doc. #88.) Maguire also requests that the Court determine if the investigation into his activities began as a "Patriot Act" investigation. Finally, Maguire requests that subpoenas be issued for the White House staff member who manages e-mail, for records of all e-mail contacts received at the White House from Jack Maguire and for all files from the Central Intelligence Agency, the United States Secret Service, the Department of Homeland Security and the Federal Bureau of Investigation concerning John H. Maguire. The basis for this Motion is the Defendant's allegation that evidence of unrelated criminal conduct obtained while investigating terrorism or national security may not be used for prosecution.

First, this Court does not have jurisdiction to conduct the requested investigations based upon a "request" by a criminal defendant. Further, if this Court did have jurisdiction, Maguire has provided no legal or evidentiary basis for conducting such an investigation beyond his "belief." Therefore, this Motion is not well founded and is OVERRULED.

### Motion To Exclude Certain Evidence and Testimony At Trial

In this pro se Motion, Maguire requests that information and testimony regarding an Illinois driver's license alleged to have been obtained by John H. Maguire in the name of Jeffery J.

Maguire be excluded at trial.(Doc. #94.) Maguire seeks to have this evidence excluded because it is not relevant and does not serve to establish a pattern of conduct.

This is a motion in limine. A ruling on a Motion In Limine is no more than a preliminary or advisory opinion that is within the discretion of the district court. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994), *cert. denied*, 513 U.S. 1182 (1995). Further, a district court may changes its ruling prior to or during trial. *Id.*

In this case, the relevancy of the evidence identified by Maguire depends upon whether it has a tendency to make the existence of any fact that is of consequence more or less probable than it would be without the evidence. Further, this relevancy determination must be made within the context of the evidence that is presented at trial, evidence of which this Court has incomplete knowledge at this time. Therefore, the Defendant's Motion In Limine to exclude certain evidence is OVERRULED subject to being renewed at trial.

## **Motion To Dismiss Counts Four, Five and Six**

The Maguire seeks to dismiss Counts Four, Five and Six of the Indictment on the basis that they do not state an offense. (Doc. #104.) Maguire specifically argues that his Indictment lacks any allegation that could reasonably support a determination that any party to the transaction was damaged. The Defendant relies upon the holding in *United States v. Regent Office Supply Co.* for this argument. 421 F.2d 1174 (2nd Cir. 1970).

Counts Four, Five and Six are for mail fraud. The elements of the offense of mail fraud under 18 U.S.C. §1341 are: (1) a scheme to defraud and (2) use of the mails in the scheme. *Pereira v. U.S.*, 347 U.S. 1 (1954).

Since only a "scheme to defraud" and not actual fraud is required for conviction, it is not essential that the Government allege or prove that purchasers of a product were in fact defrauded. *Regent*, 421 F.2d at 1180. However, the purpose of the scheme must be to injure. *Id.*

In this case, paragraph one (1) of Count Four of the Indictment indicates that the purpose of Maguire's scheme was to injure Tinnerman Insurance Agency of Dayton, Ohio ("Tinnerman") and Central Mutual Insurance Company of Van Wert, Ohio ("Central Mutual"). The Indictment alleges that the Defendant knowingly and willfully devised and intended to devise a scheme to defraud and to obtain money and property from Tinnerman and from Central Mutual by means of false pretenses. This is enough to state an offense.

Maguire next argues that, to the extent that Counts Five and Six are premised upon the allegations set forth in Count Four, they also must fail. However, Counts Five and Six adopt paragraph one (1) of Count Four and, therefore, state a mail fraud offense.

Finally, Maguire seeks oral argument on this Motion but provides no reasons for oral argument. Pursuant to Local Rules, the Court grants requests for oral argument only upon good cause shown. Here, the Defendant has offered no cause for oral argument.

Counts Four, Five and Six of the Indictment allege a violation of the statute forbidding mail fraud. In addition, good cause has not been shown for oral argument on this Motion. Therefore, Defendants Motion to dismiss Counts Four, Five and Six of the Indictment on the basis that they do not state an offense is OVERRULED.

## **Supplement To Motions Regarding Selective Prosecution**

This pro se document seeks to supplement pro se motions previously filed by Maguire. (Doc. #105.) The previously filed motions identified in the supplement are documents numbered 30, 48, 49, 50, 60, 63, 65, 69, 79, 87 and 88.

These previously filed Motions have already been addressed. The Motions filed as documents number 30, 48, 49, 50 and 69 were withdrawn by the Defendant and his Motion to have them reinstated was not well founded and was OVERRULED herein. The Request for Order of Discovery and Inspection, filed as document number 60, was found herein to be MOOT. The Motion In Limine To Admit Certain Testimony and Request for Evidentiary Hearing filed as document number 63 and supplemented as document number 79 was GRANTED and the hearing was conducted. The Motion To Participate in Questioning of Witnesses filed at document number 65 was OVERRULED pursuant to the Court's Order appointing new counsel for the Defendant (Doc. #92). The Supplement To Prospective Trial Witnesses Requested At Motion In Limine Hearing To Admit Certain Testimony filed as document number 87 has been OVERRULED IN PART and GRANTED IN PART herein. Finally, the Second Supplement To Motion In Limine To Admit Certain Testimony and Request for an Evidentiary Hearing filed at document number 88 has been OVERRULED herein. Remaining are the allegations set forth in this pro se Supplement regarding selective prosecution.

In this Supplement, Maguire contends that he was selectively prosecuted generally and specifically as it pertains to Count One of the Indictment. Count One of the Indictment is for social security fraud.

Regarding prosecution, the Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws. *United States v. Armstrong*, 517 U.S. 456, 465 (1996). In the absence of clear evidence to the contrary, courts presume that they have properly discharged their duties. *Id.*

However, a prosecutor's discretion is subject to constitutional constraints. *Id.* One of those constraints, imposed by the equal protection component of the Due Process Clause of the Fourteenth Amendment, provides that the decision whether to prosecute may not be based upon an unjustifiable standard such as race, religion or other arbitrary classification. *Id.*

To address the issue of whether a prosecutor has violated the equal protection constraint, courts have developed the doctrine of selective enforcement. *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000). The Sixth Circuit has differentiated between two types of selective enforcement. *Futernick v. Sumpter Township*, 78 F.3d 1051, 1056 n.7 (6th Cir. 1996), *cert. denied*, 519 U.S. 928 (1996). One is true "selective enforcement" and the other is "vindictive prosecution."

Selective Enforcement Claims

Selective enforcement claims are evaluated according to ordinary Equal Protection standards which require a petitioner to show both a discriminatory purpose and a discriminatory effect. *Gardenhire,* 205 F.3d at 318. Further, selective enforcement claims are not defenses on the <u>merits</u> to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the constitution. *Armstrong*, 517 U.S. at 463 (1996). Yet, "the court should dismiss a case or take other appropriate action if the defendant can prove that the prosecutor or investigator intentionally singled him or her out for punishment because of

-16-

membership in a protected group or the exercise of a constitutionally protected right." *Gardenhire*, 205 F.3d at 318 (quoting *Futernick,* 78 F.3d at 1056).

The Sixth Circuit has established a three-part test for determining if selective enforcement has occurred. *Gardenhire*, 205 F.3d at 319. First, an official must single out a person belonging to an identifiable group, such as those of a particular race or religion or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. *Id.* The plaintiff is required to make at least a prima facie showing that similarly situated persons outside his or her category were not prosecuted. *Id.* Second, the official must initiate the prosecution with a discriminatory purpose. *Id.* Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to. *Id.* (citing *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991), *cert. denied*, 499 U.S. 980 (1991)). In addition, to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present "clear and convincing" evidence to the contrary. *Armstrong*, 517 U.S. at 465.

Vindictive Prosecution Claims

Vindictive prosecution is prosecution to deter or punish the exercise of a constitutionally protected right. *Futernick*, 78 F.3d at 1056. The plaintiff must show: (1) the exercise of a protected right; (2) the prosecutor's stake in the exercise of that right; (3) the unreasonableness of the prosecutor's conduct; and, presumably, (4) that the prosecution was initiated with the intent to punish the plaintiff for exercise of the protected right. *Id.* (citing *Anderson*, 923 F.2d at 453).

The standard is whether a reasonable person would think there exists a realistic likelihood of vindictiveness. *United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980), *cert. denied*, 450

-17-

U.S. 927 (1981). Mere possibility that prosecutorial conduct may be vindictive is not enough. *Id.* at 455.

Discovery

Because a selective prosecution claim is not a defense to the merits of a criminal charge, discovery is not available pursuant to Fed.R.Crim.P. 16. *United States v. Jones*, 159 F.3d 969, 975 n.3 (6th Cir. 1998). Thus a defendant must make a showing that he is entitled to discovery. *Id.* Specifically, a defendant must present some evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent to obtain discovery. *Id.* at 978. The analysis now turns to Maguire's specific claims.

Analysis of Maguire's Claims

In the Supplement To Motions that is now before the Court and in various motions previously filed, Maguire claims that he has been prosecuted in violation of his equal protection rights because he is a member of a class composed of those receiving social security. (Doc. #49, 69, 105.) He makes this allegation with regard to Count One of his indictment. This is an allegation of selective prosecution and will be addressed as such.

In an oral hearing on this and other issues, Maguire also alleged that he was being prosecuted for his political beliefs. Maguire claims to be a political activist opposed to the war in Iraq. He presumably makes this allegation with regard to all of the Counts brought against him. This is an allegation of vindictive prosecution and will be addressed as such. The selective prosecution allegation will first be addressed.

Selective Enforcement

To show selective enforcement, Maguire must present clear and convincing evidence that the United States Attorney (USA) singled him out as a member of the group that was receiving social security for prosecution even though the USA decided not to prosecute persons who were not receiving social security, that the USA initiated the prosecution with a discriminatory purpose and that the prosecution has a discriminatory effect on those receiving social security.

Regarding the first element, Maguire claims that he was receiving social security. Also, he was prosecuted in that he was indicted for fraud.

However, to satisfy the first element, Maguire must also show that persons who were not receiving social security were not prosecuted for the same offense. For the similarly situated individual not in Maguire's group and not prosecuted, Maguire identifies Luis Martinez and Amjad Salem.

Martinez was indicted in this Court for, among other charges, six counts of fraud. He was also, according to the indictment, an alien illegally in the United States. (Case No. CR-3-03-116.)

Maguire seems to argue that there is a difference between his prosecution and Martinez' because Maguire was indicted for social security fraud in Count 1 and Martinez was indicted for fraud in connection with identification documents. However, fraud is fraud and, in addition, Maguire's fraud was also associated with identification documents. Therefore, Maguire has not shown that Martinez was treated differently that he was.

Finally regarding the first element, Martinez was a alien illegally in the United States and presumably was not eligible to receive social security. Therefore, Maguire has presented no evidence with regard to Martinez that satisfies the first element of a selective enforcement claim.

-19-

The analysis turns to Maguire's second example. Amjad Salem was prosecuted for receipt, possession and transportation of interstate stolen property (Case No. 04-012) and for money laundering and structured transactions (Case No. 04-038). However, Maguire has not presented evidence, beyond his bare allegations, that Salem engaged in fraud, the same conduct for which Maguire is being prosecuted. Nor has Maguire presented evidence, beyond his bare allegations, that Salem is eligible and is not receiving social security. Therefore, Maguire has presented no evidence with regard to Salem that satisfies the first element of a selective enforcement claim.

To satisfy the second element, Maguire must present clear and convincing evidence that the USA initiated the prosecution with a discriminatory purpose. Here, Maguire has presented no evidence beyond his personal beliefs, bare allegations and identification of possibilities that the USA initiated his prosecution with a discriminatory purpose.

To satisfy the third element of a selective enforcement claim, Maguire must present clear and convincing evidence that his prosecution has a discriminatory effect on those who receive social security payments. Again, he has presented no evidence of this beyond his personal beliefs, bare allegations and identification of possibilities.

Maguire has not been able to satisfy any of the elements of his selective enforcement claim. It, therefore, must fail and his Motions To Dismiss regarding this claim are OVERRULED. The analysis next turns to Maguire's allegations of vindictive prosecution.

Vindictive Prosecution

To show that the USA vindictively prosecuted him, Maguire must prove that he exercised a protective right, that the USA had a stake in the exercise of that right, that the USA acted

-20-

unreasonably and that the USA initiated the prosecution with the intent to punish Maguire for his exercise of that right.

First, Maguire arguably opposed the war in Iraq by sending e-mails to various officials. If true, this is an exercise of his protected right to free speech.

However, Maguire has presented no evidence, beyond his personal beliefs, bare allegations and identification of possibilities, that the USA had a stake in his exercise of his free-speech right, that the USA acted unreasonably or that the USA initiated the prosecution with the intent of punishing Maguire for exercising his right to free speech. Therefore, Maguire has not presented evidence to satisfy a vindictive prosecution claim. To the extent that Maguire's Motions To Dismiss are based upon a claim of vindictive prosecution, they are OVERRULED. The analysis now turns to Maguire's requests for discovery.

### Requests for Discovery

Maguire has filed several motions for discovery regarding his selective prosecution claim. First, he has sought to have his computer and indictment inspected by an expert. (Doc. #60.) He also has sought discovery of case notes, personal notes and evidence held by the investigator in this matter presumably to show selective prosecution. (Doc. #48.) Finally, he has sought an evidentiary hearing regarding his selective prosecution claim. (Doc. # 30, 63, 79, 88.)

Discovery regarding his selective prosecution claim is not available unless Maguire first presents some evidence regarding each element of his claim. Even though Maguire initially presented no evidence of selective prosecution, he was granted discovery. Even with the discovery which included five hearings and an examination of witnesses selected by Maguire, he has been

unable to present any evidence of selective enforcement or vindictive prosecution. Therefore, Maguire is not entitled to further discovery on this issue.

Summary

After extensive discovery to which he was not legally entitled, Maguire has presented no evidence to satisfy any elements of either a selective enforcement claim or a vindictive prosecution claim. His Motions To Dismiss based upon selective prosecution are, therefore, OVERRULED.

**Motion for Appointment of Computer Forensic Expert**

In this Motion, Maguire seeks approval to retain a computer forensic expert to inspect the court system computer regarding the judicial assignment. (Doc. #113.) Maguire then supplements this Motion with a Memorandum. (Doc. #114.)

The judicial assignment issue was raised by Maguire because, due to a clerical error, some of the paperwork generated as a result of the case assignment incorrectly reflected that the case had been assigned to District Judge Walter H. Rice, a former President Jimmy Carter appointee. The mistake was subsequently detected and corrections were made so the record correctly reflects that the initial random assignment of this case was to District Judge Thomas M. Rose, a President George Bush appointee. Maguire now alleges that the case assignment was manipulated because of his anti-Bush sentiments.

Maguire has previously filed various motions challenging the veracity of the original assignment. One was a Motion for a Writ of Habeas Corpus that was heard by Magistrate Judge Michael R. Merz. After conducting a hearing which included questioning and argument by the

Defendant, Judge Merz concluded that the case was initially and properly assigned to Judge Rose. Maguire then withdrew the Motion for a Writ of Habeas Corpus.

In addition to the hearing conducted by Judge Merz and the associated findings, the United States requested an examination of the computer system that made the initial assignment. This examination was performed by Mark Knight, the Systems Manager for the Ohio Southern District Court.

Mr. Knight attests that the computer system in question is a nationally developed system which has been used to randomly assign over 16,000 federal cases. (Knight Aff. ¶2.) He further testifies that the system will not allow "backing out" of an assignment once the name of the judge is selected and that all assignments that are voided are documented and tracked by the computer. (Id. ¶3.)

On September 9, 2004, Mr. Knight generated a history report on the judicial assignment of this case. (Id. ¶4.) The history report indicates that this case was originally and randomly assigned to Judge Thomas M. Rose and that no other transactions, including corrective transactions, occurred. (Id.)

In addition to the hearing on the Defendant's Motion for Writ of Habeas Corpus and the analysis conducted by Mr. Knight, the Court has conducted hearings on this judicial assignment issue and on other related motions made by the Defendant. These hearings were conducted even though Maguire withdrew his complaint regarding the judicial assignment.

The Defendant participated in these hearings to the extent that he identified the witnesses to be called and was present for their questioning. Throughout all, the Defendant has not raised one iota of evidence to support his theory that the judicial assignment of his case was manipulated

-23-

because of his political beliefs. Therefore, the Motion for further investigation that is now before the Court is not well founded. The Defendant's Motion for the Appointment of Computer Forensic Expert is OVERRULED.

### Motion To Dismiss Counts Two, Three and Four of the Indictment and Request for Hearing

In this Motion, Maguire seeks dismissal of Counts Two, Three and Four of the Indictment. (Doc. #120.) He argues that the allegations set forth in these counts should be dismissed because they do not establish that he utilized the name of his brother and his brother's social security number without his brother's consent and for fraudulent purposes. However, the Indictment does allege that the Defendant acted for fraudulent purposes and the Indictment need not allege that the Defendant acted without his brother's consent.

Counts Two, Three and Four alleged that the Defendant, without lawful authority, knowingly used means of identification of another person to commit fraud. The means of identification of another person alleged to have been used are the name, social security number, driver's license number and Federal Income Tax Return of Jeffrey J. Maguire.

As determined hereinbefore, the Government must show that the United States did not permit the use of Jeffrey J. Maguire's social security number and that the State of Ohio did not permit the use of Jeffrey J. Maguire's driver's license by the Defendant. Further, since these identifications are issued and controlled by the applicable government entity, whether Jeffrey J. Maguire consented is immaterial unless it can be shown that Jeffrey J. Maguire was an agent of the United States and of the State of Ohio.

As to the use of the name "Jeffrey J. Maguire," the Defendant argues that Ohio law permits an individual to adopt any name that he chooses. However, Ohio law provides that a person may

use any name that he or she chooses so long as the name is not used for fraudulent purposes. *Pierce v. Brushart*, 92 N.E.2d 4, 8 (Ohio 1950). Therefore, Maguire may not adopt any name that he chooses to commit fraud. In this case the indictment alleges that Maguire used another's name to commit fraud.

Finally, Maguire seeks oral argument on this Motion but provides no reasons for oral argument. Pursuant to Local Rules, the Court grants requests for oral argument only upon good cause shown. Here, the Defendant has offered no cause for oral argument.

The Indictment alleges that the Defendant used the name "Jeffrey J. Maguire" and Jeffrey J. Maguire's social security number, driver's license number and Federal Income Tax Return to commit fraud without legal authority. This is enough to state an offense. Therefore, the Defendant's Motion To Dismiss Counts Two, Three and Four of the Indictment is OVERRULED.

## Summary

All Motions and/or requests that were outstanding as of the date of this Entry and Order have now been addressed. This matter may now proceed to trial.

In addition, Maguire is now represented by Counsel. Therefore, any pro se motions or other correspondence that is sent directly to the Court by Maguire will not be filed and will be forwarded to Maguire's appointed Counsel.

**DONE** and **ORDERED** in Dayton, Ohio on this Twentieth day of June, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE