# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | : | |
| | | Case No. 3:03cr00141 |
| Plaintiff, | : | 3:06cv00012 |
| | | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| JOHN H. MAGUIRE, | : | |
| | | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Petitioner, John H. Maguire brings this Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 194), Respondent's Response in Opposition (Doc. # 196), Petitioner's Reply (Doc. # 198) and the record as a whole.

## I.  PROCEDURAL HISTORY

The grand jury for the Southern District of Ohio returned an eight count indictment against Petitioner in October of 2004. (Doc. # 13). During the course of the proceedings Petitioner began to submit multiple pro se motions and other papers and began to complain about the services of multiple different attorneys appointed to represent him,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

including his final attorney, Hal Arenstein. Petitioner eventually pled guilty, pursuant to a plea agreement, to two counts that charged him with fraud in connection with identification documents. (Doc. # 144 ).

At the change of plea hearing Petitioner agreed to the statement of facts supporting his guilty pleas. (Doc. # 196-2 at 11-12). He then added: "Those are the facts. I would like to state though that the statement of facts does omit certain information which I don't believe would affect the statement of facts and what I'm agreeing took place, such as the fact that the Ford Explorer vehicle was actually immediately given to my brother Jeffrey Maguire. So, even though I first took possession of it, it was actually obtained by my brother Jeff. And the income tax returns were in fact faxed to the dealership by my brother Jeff Maguire, even though I prepared them." (*Id*). Petitioner stated: "[s]o you know, other than the omission of the involvement of my brother in this, the statement of facts is correct. (*Id*). Petitioner also stated under oath that no one was forcing or threatening him to make the plea and that he was voluntarily pleading guilty. (Doc. # 196-2 at 31).

In March of 2006, the district court sentenced Petitioner to a 36-month term of imprisonment. Thereafter Petitioner filed a notice of appeal alleging ineffective assistance of counsel due to counsel's failure to file his pro se motions and to pursue exculpatory information regarding his brother's role in the offense. As such, Petitioner alleged that his guilty pleas were not voluntarily made. On November 27, 2007, the Sixth Circuit Court of Appeals issued an order affirming the judgment of the district court. (Doc. # 190). The

Court stated in pertinent part:

> A review of Maguire's ineffective-assistance arguments reflects that the claim has been and remains conclusory, speculative, and vague. *See United States v. Winkle*, 477 F. 3d 407, 421(6th Cir. 2007). Although Maguire has asserted that his brother somehow induced him to commit the offenses of conviction, he has never specifically identified what the brother said or did to effectuate such inducement. We emphasize that Maguire has never explicitly disputed the Statement of Facts that accompanied his plea agreement but has offered only vague, alternative explanation for why he committed the acts described therein. Insofar as Maguire argues that his attorney performed ineffectively by failing to file his pro se motions for an in camera hearing or to establish an adequate record for his ineffective-assistance claim, the argument is completely speculative, and its reasoning circular: The argument assumes that the attorney's failure to file a motion to further pursue an ineffective-assistance claim is itself ineffective assistance. Maguire, however, has identified nothing in the record, aside from the conclusory allegations discussed above, to suggest that an in camera hearing might have actually shown that the attorney performed ineffectively.

(Doc. # 190 at 2-3).

Petitioner filed the instant § 2255 motion setting forth the following claims for relief: Ineffective Assistance of Counsel, Request for Judicial Recusal[2], Claim of Absolute Innocence and Dispute of Statement of Facts.

## II. ANALYSIS

### A. Claims that Were or Might have been Asserted on Direct Appeal

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."

---

[2] This issue is now moot because the case has been transferred to the docket of District Judge Walter Herbert Rice.

*Mallett v. United States*, 334 F. 3d 491, 496-497 (6th Cir. 2003). To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780, 99 S. Ct. 2085 (1979). Apart from constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States,* 417 U.S. 333, 346, 94 S. Ct. 468 (1974), quoting *Hill v. United States,* 368 U.S. 424, 428-429, 82 S. Ct. 468 (1962). Claims not raised on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process. A motion to vacate under § 2255 is not a substitute for direct appeal. Alleged errors which were raised in the trial court and considered on direct appeal cannot be used as a basis for a motion to vacate under § 2255. *Van Buskirk v United States* , 343 F2d 158 (6th Cir. 1965). Absent manifest injustice, a § 2255 motion will be dismissed summarily if they raise claims that were or might have been asserted on direct appeal. Yackle, POSTCONVICTION REMEDIES, §108 (1981) citing *Mars v. United States,* 615 F. 2d 704 (6th Cir. 1980).

     Respondent observes that each of Petitioner's claims, with the exception of the ineffective assistance of counsel claims, have been procedurally defaulted due to the failure to raise the issues on direct appeal and failure to establish cause and prejudice for the default. Petitioner's claims that the statement of facts was deficient and that he is innocent were not raised on direct appeal. Thus, each of Petitioner's claims, except for the ineffective assistance of counsel claims, were not raised on direct appeal and are therefore

waived. See *United States v. Frady*, 456 U.S. 152 (1982); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).

B.   **Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim may be brought in a § 2255 even if the issue could have been raised on appeal. *Massaro v. United States,* 538 U.S. 500; 123 S. Ct. 1690 (2003).

A Petitioner must prove two elements to establish ineffective assistance of counsel: the attorney's performance was deficient, and the deficiency prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). To satisfy the first prong, a defendant must show his counsel made errors so serious he was not functioning as "counsel" guaranteed by the Sixth Amendment. *Id.* With respect to the first prong of the *Strickland* test, the Supreme Court has stated:

> Judicial scrutiny of counsel's performance must be highly deferential. ... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689.

To satisfy the second prong, he must show "that there [was] a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* In the context of a plea agreement, in order to establish ineffective assistance Petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, he would not have pled guilty and would have proceeded to trial. *Hill v. Lockhart,* 474 U.S. 52, 57-59 (1985).

Petitioner asserts that his counsel rendered ineffective assistance due to a failure to "... properly investigate his defense and refusal to present his best defenses..." (Doc. # 198 at 2). According to Petitioner, he "...has discovered his brother, Jeffrey Maguire, is a police informant and that the government and the court pressured defense counsel to not investigate or present a defense that would expose that fact." *Id.* Petitioner also claims: 1) that his lawyer should have objected to the district court's procedure of forwarding to the lawyer papers that Petitioner drafted pro se and sent directly to the judge, 2) that his lawyer should not have "allowed" Petitioner to be sentenced without the court first acting on the merits of certain post-plea, pro se papers drafted by Petitioner, 3) that his lawyer should have refused to continue with the Rule 11 plea colloquy when Petitioner made factual assertions about his conduct not contained in the stipulated statement of facts, and 4) that his lawyer did not object at sentencing to the District Court's refusal to consider his *pro se* motions.

6

Petitioner's claim that counsel was ineffective for failure to investigate his brother's entrapment of him lacks merit. An entrapment defense, which is not easily established, has two elements: (1) government inducement of the crime; and, (2) defendant's lack of predisposition to engage in the criminal conduct. *Mathews v. United States,* 485 U.S. 58, 62-63 (1988).

The clear majority rule in the federal courts, including the Sixth Circuit, is that "the entrapment defense does not extend to inducement by a private citizen." *See United States v. Beverly*, 723 F.2d 11, 12 (3d Cir. 1983); *United States v. Black,* 1994 U.S. App. LEXIS 16878 (6th Cir. 1994); *United States v. Lee*, 694 F.2d 649, 654 (11th Cir.), *cert. denied*, 460 U.S. 1086, 103 S. Ct.1779, 6 L. Ed. 2d 350 (1983); *United States v. Mers*, 701 F.2d 1321, 1340 (11th Cir.) (rejects vicarious entrapment theory), *cert. denied*, 464 U.S. 991, 104 S. Ct. 482, 78 L. Ed. 2d 679 (1983); *United States v. Shapiro*, 669 F.2d 593, 597-98 (9th Cir. 1982) (refuses to recognize concept of derivative entrapment); *United States v. Dove*, 629 F.2d 325, 329 (4th Cir. 1980)(only inducement by government agent gives rise to entrapment defense); *United States v. Twigg*, 588 F.2d 373, 376 (3d Cir. 1978) (to the same effect); *United States v. Burkley*, 192 U.S.App. D.C. 294, 591 F.2d 903, 911 n.15 (D.C. Cir. 1978) (same), *cert. denied*, 440 U.S. 966, 59 L. Ed. 2d 782, 99 S. Ct. 1516 (1979); *United States v. Garcia*, 546 F.2d 613, 615 (5th Cir.) (same), *cert. denied*, 430 U.S. 958, 51 L. Ed. 2d 810, 97 S. Ct. 1608 (1977); *Whiting v. United States*, 321 F.2d 72, 76 (1st Cir.) (same), *cert. denied*, 375 U.S. 884, 11 L. Ed. 2d 114, 84 S. Ct. 158 (1963); *Beard v. United States*, 59 F.2d 940, 941 (8th Cir. 1932) (same).

"Counsel is constitutionally ineffective only if [his or her] performance below professional standards caused the defendant to lose what he otherwise probably would have won." *United States v. Morrow*, 977 F. 2d 222(6th Cir. 1992). Defects in assistance that have no probable effect on the outcome do not establish a constitutional violation. Petitioner's Motion does not describe circumstances sufficient to raise a reasonable probability that if counsel had been willing to present his entrapment defense at trial, he would have proceeded to trial rather than plead guilty. Petitioner's claims that counsel's failure to investigate his brother's alleged entrapment of him does not amount to ineffective assistance because it was extremely unlikely that Petitioner would have prevailed on that claim. Accordingly, Petitioner has not shown either that counsel's performance fell below an objective standard of reasonableness or caused him any prejudice. Petitioner's claim of ineffective assistance of counsel regarding the alleged failure to pursue an entrapment defense therefore lacks merit.

Petitioner next claims that counsel's failure to object to the district court's procedure of forwarding to the lawyer papers that Petitioner drafted *pro se* and sent directly to the judge. Related to this claim is the assertion that his lawyer should not have "allowed" Petitioner to be sentenced without the court first acting on the merits of certain post-plea, *pro se* papers drafted by Petitioner. These contentions lack merit. A criminal defendant does not have a Constitutional right to a "hybrid representation."
*United States v. Mosely,* 810 F.2d 93, 97 (6th Cir. 1987), *cert. denied,* 484 U.S. 841, 108 S. Ct. 129, 98 L. Ed. 2d 87 (1987)(citing *Faretta v. California,* 422 U.S. 806, 95 S. Ct.

2525, 45 L. Ed. 2d 562 (1975)). In *Mosely*, 810 F.2d 93, 97 (6th Cir. 1987), the Sixth Circuit stated: "The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one constitutes a correlative assertion of the other." 810 F.2d 93, 97-98. The Court also concluded that "the question whether to allow a defendant to participate in his own defense along with counsel in 'hybrid representation' is a matter committed to the sound discretion of the trial court." *Id.*; *see also Wilson v. Hurt*, 29Fed. Appx. 324, 2002 WL 197997, (6th Cir. 2002) (noting that a criminal defendant "has no constitutional right to demand 'hybrid representation,' such as conducting his own defense with the occasional assistance of counsel."). Several district courts in the Sixth Circuit have extended the rationale of *Mosely* to habeas cases. *See, e.g., Jones v. Bradshaw*, 326 F. Supp.2d 857 (N.D. Ohio 2004) ("Because the *Mosely* Court, which adjudicated on a criminal defendant's constitutional right to hybrid representation, found that none exists, this Court consequently must find that a habeas petitioner, whose right to counsel is merely statutory, has no right to hybrid representation.") (citing *Mosely*, 810 F.2d at 97); *see also United States v. Pugh*, 2006 U.S. Dist. LEXIS 7660, 2006 WL 355384 (S.D. Ohio Feb. 14, 2006) ("Neither 28 U.S.C. § 1654 nor the Sixth Amendment, however, guarantees the right to assert both the right to self-representation and the right to counsel at the same time -- *i.e.*, there is no statutory or constitutional right to 'hybrid representation.'"); *United States v. Cottrell*, 2006 U.S. Dist. LEXIS 7731, 2006 WL 278562(W.D. Tenn. Feb. 2, 2006) (same). Because the District Court, in the sound exercise of his discretion, did not permit hybrid representation, all of

Petitioner's claims regarding his *pro se* motions and ineffective assistance of counsel lack merit.

Finally Petitioner's claim that his lawyer should have refused to continue with the Rule 11 plea colloquy when Petitioner made factual assertions about his conduct not contained in the stipulated statement of facts is belied by the record. Indeed, Petitioner himself stated: "Those are the facts. I would like to state though that the statement of facts does omit certain information which I don't believe would affect the statement of facts and what I'm agreeing took place, such as the fact that the Ford Explorer vehicle was actually immediately given to my brother Jeffrey Maguire..." "[s]o you know, other than the omission of the involvement of my brother in this, the statement of facts is correct. (Doc. # 196-2 at 11-12). Again, Petitioner has not shown either that counsel's performance fell below an objective standard of reasonableness or caused him any prejudice.

Petitioner's request for an evidentiary hearing should be denied. As the Sixth Circuit has noted, although the burden for establishing entitlement to an evidentiary hearing is "relatively light" a hearing is not necessary when "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F. 3d 325, 333 (6th Cir. 2007). Petitioner's assertion that the District Court conspired with the government and all of his court-appointed attorneys in conjunction with his brother are inherently incredible. Since Petitioner's allegations are not supported by the record,

are inherently incredible and are based on conclusions rather than facts he is not entitled to an evidentiary hearing..

Because the Motion shows on its face that it is without merit, it should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and a certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 194 ) be dismissed;

2. That a certificate of appealibility not issue; and,

3. The case be terminated on the docket of this Court.

November 4, 2009

             s/ Sharon L. Ovington
              Sharon L. Ovington
           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).